IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Estate of ) No. 76955-3-I
LEEANNA RUTH MICKELSON. )
 )
HEATHER MICKELSON (n/k/a ) DIVISION ONE
Heather J.E.L. Benedict), )
 )
 Appellant, )
 )
 v. )
 )
JAMES A. MICKELSON, ) UNPUBLISHED OPINION
 )
 Respondent. ) FILED: September 24, 2018
 )

BECKER, J. — We affirm the dismissal of appellant's petition for adjudication of intestacy and heirship. The trial court correctly determined the petition was baseless and frivolous.

Leeanna Mickelson died in May 2012. She was survived by her husband, respondent James Mickelson, and their four adult children. Appellant Heather Benedict is one of the Mickelson children.

In May 2016, Heather,[1] acting pro se, filed a petition in Pierce County Superior Court seeking a determination that her mother died without a will. James received notice and moved for dismissal. He did not dispute that there

---

[1] First names are used to avoid confusion.

was no will. He argued that Heather's proceeding was unnecessary because he and Leeanna had executed a community property agreement in 2011, under which Leeanna's assets vested in James, as the surviving spouse, upon her death. A community property agreement is a "will substitute" that requires no court administration. Wilkes v. O'Bryan, 98 Wn. App. 411, 414-15, 989 P.2d 594 (1999), review denied, 140 Wn.2d 1027 (2000). The court agreed with James that there was no legal basis for Heather's petition and dismissed it by order dated June 17, 2016. Heather filed an appeal in Division Two of this court. She claimed that the trial court had mistakenly destroyed an order of intestacy. She asked the appellate court to restore it. This claim and others were ultimately rejected in an unpublished opinion filed in October 2017, affirming dismissal of the action.[2]

In November 2016, when the appeal in Division Two was still pending, Heather petitioned for an order of intestacy under King County Superior Court cause no. 16-4-06644-2. Clerk's Papers at 1-2. This petition requested a ruling that Leeanna died without a will "so that [her] heirs at law and their respective distributive shares may be determined." Clerk's Papers at 2. Heather did not mention the Pierce County action. An order of intestacy was entered the same day Heather requested it. Clerk's Papers at 3-4.

After receiving notice of the order, James moved to dismiss and for an award of attorney fees and sanctions. Clerk's Papers at 7-13. He alleged res

---

[2] In re Estate of Mickelson, No. 49056-1-II (Wash. Ct. App. Oct. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2049056-1-II%20Unpublished%20Opinion.pdf.

judicata and invoked the priority of action doctrine. During a hearing on January 3, 2017, Superior Court Commissioner Carlos Velategui told Heather that she was "not entitled" to file her action in King County because she had already filed it in Pierce County. The court further reasoned that, given the existence of the community property agreement, there was "nothing for the probate to act on." The court granted dismissal and awarded to James $2,600 in attorney fees and $5,000 in sanctions under CR 11. The court told Heather that her actions amounted to harassment:

> I don't believe that your inexperience is an excuse for what you have done, here, . . . you have simply attempted to avoid what's going on in Pierce County. . . . This is nothing more than an attempt to avoid an order in another county, to make a collateral attack on another judge's orders, to simply file one case after another with the effect of harassing and running up attorney's fees for the other side. You haven't done an adequate job of—of determining what is, in fact, the law.
> And the mistake here is so egregious that I can't believe it was made unknowingly and that you didn't intend to simply harass and harangue the other side. And so for that reason, I'm actually going to grant the requested $5,000 in CR 11 sanctions.

The motion for adjudication of intestacy and heirship was dismissed with prejudice and the order of intestacy was vacated. Clerk's Papers at 114-15.

Heather sought revision by a superior court judge under RCW 2.24.050. During a hearing on March 31, 2017, Heather characterized the issue as "was there a will, or is it intestate succession." Judge Barbara Linde disagreed that this was the relevant issue, instead adopting James' view that the question was whether the commissioner had grounds to dismiss Heather's petition. The court determined that res judicata barred the petition and therefore dismissal was proper. The court affirmed the imposition of attorney fees and sanctions, telling

3

Heather, "The fact that the argument is made today as if we're not on a revision, but as if you can come in with all sorts of new information and ask this Court to decide the intestacy question is—is evident that as before . . . you haven't listened. You haven't followed the process." The court acknowledged Heather's stated desire for "closure" concerning her mother's death but suggested that a probate action was not the right way to achieve it. The court entered an order denying the motion for revision with prejudice. Clerk's Papers at 163-64. This ruling became a final "Judgment on Order on Motion for Dismissal with Prejudice" on May 12, 2017. Clerk's Papers at 167-69. The present appeal is taken from that judgment.

On March 31, 2017, the same day Judge Linde denied Heather's motion for revision, Heather submitted a petition to be appointed representative of her mother's estate. She appeared again before Commissioner Velategui. She said that Judge Linde "asked that I follow the process for probate. And that would be to assign an executor. Once an executor is set, that's when probate is actually opened." The court refused to allow Heather to file the petition under the same cause number as the action just dismissed but recognized that nothing would prevent her from filing it under a new cause number. Report of Proceedings (Mar. 31, 2017) at 65-66; see also Clerk's Papers at 179 (order denying petition). The court warned Heather, "if there's a community property agreement and it's valid, you are playing with fire." Despite this warning, Heather proceeded to file for letters testamentary under a different cause number, King County cause no. 17-4-02196-0. On April 3, 2017, she was appointed administrator by a document

signed by the court clerk. Commissioner Velategui later revoked her appointment on a motion by James and appointed James as the administrator.

Heather filed this appeal on June 8, 2017, challenging the dismissal of the intestacy petition she filed in November 2016 under cause no. 16-4-06644-2. On June 30, 2017, Heather filed a separate appeal, 77076-4-I, challenging the revocation of her letters testamentary under cause no. 17-4-02196-0. These two appeals were consolidated on October 26, 2017. Two months later, our commissioner severed the appeals and dismissed 77076-4-I as prematurely filed. Documents filed below under cause no. 17-4-02196-0 remain in our record. In this appeal, we do not consider those documents nor do we review the decisions made in that case.[3]

James contends the appeal is untimely. The general rule is that a notice of appeal must be filed within 30 days of the decision the party wants reviewed. RAP 5.2(a). As we understand Heather's appeal, the decision she wants reviewed is dismissal of her intestacy petition in cause no. 16-4-06644-2. The final decision in that matter was the judgment entered on May 12, 2017—within 30 days of when the appeal was filed on June 8, 2017. The judgment is attached to Heather's notice of appeal. James observes that the notice of appeal also includes the order of dismissal entered on January 3, 2017, and the order

---

[3] Our record includes documents submitted by Heather in January 2018, purportedly showing that in August 2017, James executed deeds transferring certain property to his sons upon his death. Heather makes no effort to demonstrate compliance with RAP 9.11, the rule governing supplemental evidence on review. We do not review these documents submitted by Heather, and we do not address her assertion that the deeds affect James' standing to participate in this appeal.

denying letters of administration entered on March 31, 2017. But a party may appeal from a final judgment. RAP 2.2(a)(1). James does not explain why the document designated "judgment" and entered on May 12, 2017, is not a final judgment. We conclude the appeal is timely.

Heather contends she is entitled to a determination that her mother died without a will. She ignores the reasons the superior court gave for dismissing her petition for an order of intestacy. She fails to address the court's decision that the case was barred by the action in Pierce County. Nor does Heather meaningfully discuss the facially-valid community property agreement. In her reply brief, Heather challenges the validity of the community property agreement and asserts that it is being litigated in a different case, filed in Pierce County. We have no basis for entertaining arguments pertaining to the agreement's validity. That issue was not before the trial court.

Heather contends that dismissal was improper under RCW 11.28.340, which provides that an order of intestacy becomes final unless a will is produced within four months of the order. Heather did not raise this argument below, and therefore we need not consider it. RAP 2.5(a). In any event, nothing in RCW 11.28.340 prevents a trial court from dismissing an order of intestacy that lacks a legal basis. Nor was the procedure below barred by CR 60, another rule invoked by Heather for the first time on appeal. We conclude that Heather has presented no meritorious grounds for reversal.

James asks us to sanction Heather based on the alleged frivolity of this appeal. We agree that sanctions are warranted. Heather has proceeded despite

6

repeated warnings that her claims lack merit and that she should consult with an attorney before taking further action. The arguments she made below and repeats on appeal reflect intentional disregard for the applicable law. We exercise our discretion under RAP 18.9 to impose sanctions payable to James for the attorney fees he has incurred in this appeal, subject to James' compliance with RAP 18.1.

Affirmed.

Becker, J.

WE CONCUR:

Smith, J.

Schindler, J.